FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 0 6 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

V.P. MUSIC GROUP, INC. and
GREENSLEEVES RECORDS LTD.,

                Plaintiffs,

    -against-

ZOJAK WORLD WIDE, LLC, a Florida limited liability
company, ZOJAK WORLDWIDE, LLC, an Illinois
limited liability company, AARON MAHLFELDT and
ZOE ESPITIA, a/k/a ZOE THORNE,

                Defendants.

--------------------------------------------------------------------x

Civil Action No.

**COMPLAINT**

Jury Trial Demanded

DEARIE, J.

AZRACK, M.J.

Plaintiffs V.P. Music Group, Inc. ("VP Music") and Greensleeves Records Ltd.

("Greensleeves") (together, the "Plaintiffs"), through their attorneys Mitchell Silberberg &

Knupp LLP, for their complaint against Defendants Zojak World Wide, LLC, a Florida limited

liability company, Zojak Worldwide, LLC, an Illinois limited liability company (collectively,

"Zojak"), Aaron Mahlfeldt ("Mahlfeldt"), and Zoe Espitia a/k/a Zoe Thorne ("Espitia")

(together, the "Defendants"), allege, upon knowledge as to their own acts and upon information

and belief as to the acts of others, as follows:

## PRELIMINARY STATEMENT

1.     This is an action for willful copyright infringement under the Copyright Act, 17

U.S.C. §§ 101 *et seq.*, for willful infringement of registered marks and unfair competition under

the Lanham Act, 15 U.S.C. §§ 15 U.S.C. 1051 *et seq.*, and for related claims under state laws.

2.     Plaintiffs are record companies, and the owners of many copyrights in sound

recordings by famous and popular reggae recording artists such as Luciano and Sizzla. Plaintiffs

bring this action to obtain redress for, and to bring a stop to, Defendants' blatant piracy of

Plaintiffs' copyrighted works, and other related misconduct.

3.     Zojak and Zojak's controlling principals, Mahlfeldt and Espitia, have been and are infringing Plaintiffs' rights and copyrights by unlawfully copying and distributing copyrighted sound recordings for which Plaintiffs own the exclusive rights.  Defendants have also unlawfully authorized third parties to copy and distribute Plaintiffs' copyrighted sound recordings through a variety of means, including by offering these sound recordings for sale and download through internet websites and programs.

4.     In a transparent attempt to justify their wrongful piracy of Plaintiffs' copyrighted recordings, Defendants purport to have "licensed" those copyrighted works.  However, as Defendants are well aware, their so-called "licenses" are a sham, because long before Defendants entered into these agreements, Plaintiffs had already obtained the exclusive rights to copy and distribute these recordings.

5.     Defendants have also unlawfully used VP Music's registered trademark and service mark "VP Records" and its common law trade name and trademarks in connection with their unlawful uses of VP Music's sound recordings.

6.     Defendants know or have reason to know that their conduct has caused grievous injury to the Plaintiffs.  Ironically, Zojak's website states the following:

> Zojak World Wide campaigns against digital piracy unlike any other distributor and offers you a complete client experience that others cannot.  Zojak World Wide has been instrumental in helping eliminate the worldwide issue of piracy in reggae music. Many labels, artistes, and producers are unaware of the amount of [pirated] music being sold through online stores.  . . . .

However, rather than working toward their stated goal of "eliminat[ing] the worldwide issue of piracy in reggae music", the Defendants are in fact willfully pirating the Plaintiff's valuable intellectual property, and are profiting handsomely from that piracy.

7.     Each of the aforementioned wrongful acts has caused serious, irreparable harm to Plaintiffs, and threatens to cause them further irreparable harm in the future.  Accordingly,

Plaintiffs have brought this action seeking damages, injunctive relief, declaratory relief, and reasonable attorney's fees and costs to the extent allowed by law.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over plaintiffs' claims under the Copyright Act, 17 U.S.C. § 501(b), under the Lanham Act, 15 U.S.C. §§ 1119, 1121, and 1125, and under 28 U.S.C. §§ 1337 and 1338. The Court has subject matter jurisdiction over the non-federal claims under 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and 302 because they are doing business in the State of New York, have engaged in acts in violation of plaintiffs' rights in the State of New York, and have been and are causing injury to Plaintiffs in the State of New York.

10.      Venue is proper in this district under 28 U.S.C. §§ 1391.

## THE PARTIES

11.      Plaintiff V.P. Music Group, Inc. is a corporation organized under the laws of the State of New York with its principal place of business in Jamaica, Queens, New York. VP Music is a leading independent record company and label for reggae and other styles of Jamaican music sound recordings.

12.      Plaintiff Greensleeves Records Ltd. is a corporation organized under the laws of the United Kingdom with its principal place of business in Isleworth, Middlesex, England. Greensleeves is a leading independent record company and label for reggae and other styles of Jamaican music sound recordings.

13.      Defendant Zojak World Wide, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business at 1861 N. Federal Hwy., Suite 253, Hollywood FL 33020.

14.     Defendant Zojak Worldwide, LLC is a limited liability company organized under the laws of the State of Illinois with its principal place of business at 3554 116th Place, Chicago IL 60655.

15.     Defendant Aaron Mahlfeldt is a citizen and resident of the State of Illinois.

16.     Defendant Zoe Espitia a/k/a Zoe Thorne is a citizen and resident of the State of Illinois.

17.     Mahlfeldt and Espitia are the principals of Zojak.  Mahlfeldt and Espitia personally direct and control Zojak's unlawful activities as alleged in this complaint.  Mahlfeldt and Espitia personally participate in and/or have the right and ability to supervise, direct, and control the infringing activities alleged in this complaint, and they derive direct financial benefit from such infringing activities.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

### A.     Business and History of VP Music

18.     VP Music is a well-known independent record company and record label in the Jamaican music market, including reggae and dancehall.

19.     VP Music is engaged in the business of producing sound recordings, and manufacturing, distributing, selling phonorecords, as defined in the Copyright Act, 17 U.S.C. § 101, including, without limitation, compact discs, DVDs, vinyl records, and digital music files (collectively "VP Music's Sound Recordings"), and/or licensing other entities to do so on its behalf.

20.     VP Music has an in-depth knowledge of Jamaican music that results from the fact that it has always been a family-owned business run by the Chin family who are natives of Jamaica, West Indies, and understand Jamaican music and culture.

21.     More than forty years ago, Vincent and Patricia Chin (the "Chins") learned Jamaican music at the grass roots level by maintaining the jukeboxes in bars and clubs throughout Jamaica, West Indies.  In the late 1950s, they started a successful record store called "Randy's" in Kingston, Jamaica, West Indies, that distributed and sold the musical hits of the day.  In the late 1960s, the Chins opened a recording studio in Kingston, Jamaica called Studio 17, which helped shape the sound of the reggae genre.

22.     The Chins brought their experience and in-depth knowledge to Jamaica, Queens when they moved to New York City in the 1970s.  Based on their knowledge and many years of experience, they were able to establish VP Music as a successful record label in 1993 and have passed their experience and knowledge on to their sons and other family members who are active in VP Music's business.

**B.      VP Music's Exclusive Artist Recording Agreements and Record Producer License Agreements**

23.     VP Music has entered into exclusive recording agreements with numerous musical recording artists under which those artists deliver master recordings to VP Music for manufacture, distribution, and sale in various media and formats, including CD-Roms, DVDs, and downloadable digital files, through retail stores and internet websites, and through Apple Inc.'s iTunes system for download of musical albums and individual recordings, and through third party internet websites.

24.     Under VP Music's exclusive recording agreements, its recording artists agree that the musical recordings delivered to VP Music are works for hire and that VP Music is thus the author and owner of the copyright in those recordings under the Copyright Act, 17 U.S.C. § 101, and the exclusive recording artists alternatively assign the copyright in the sound recordings to VP Music in perpetuity.

25.     VP Music has also entered into exclusive license agreements with various record producers in Jamaica, West Indies, who own rights in various sound recordings under which VP Music acquired the exclusive right to manufacture, distribute, license, sell, and display copies of such works in the United States and other territories.

26.     VP Music is the exclusive owner of the copyright in the sound recordings on the albums listed below under its exclusive recording agreements and license agreements ("VP Music's Works"), which copyrights were registered with the Register of Copyright as set forth in the table below:

| Album Title &No. | Artist | Release Date | Copyright Registration | VP Rights Agreement |
|---|---|---|---|---|
| A New Day VP 1617 | Luciano (Jepther McClymont) | April 3, 2001 | Jan. 11, 2002, SR 305-581 | Artist Recording Agreement, Apr. 3, 2000 |
| Be I Strong VP 1563 | Sizzla (Miguel Collins) | Oct. 26, 1999 | Jan. 11, 2002, SR 318-649 | Producer License Agr., July 1, 1999 |
| Black Woman & Child VP 1637 | Sizzla | Jan. 29, 2002 | Nov. 13, 2002, SR 319-280 | Producer License Agr., Oct. 1, 2001 |
| Serious Times VP 1688 | Luciano | June 15, 2004 | Oct. 25, 2004, SR 361-226 | Artist Recording Agr., April 3, 2000 |
| Serve Jah VP 1657 | Luciano | Jan. 14, 2003 | Feb. 11, 2003, SR 322-826 | Producer License Agr., June 1, 2002 |

27.     The title of each individual sound recording on each album listed in the table above is set forth in Exhibit A hereto.

28.     As the owner of the copyrights in the sound records set forth on Exhibit A, VP Music possesses the exclusive right, among other things, to reproduce those recordings in copies

or phonorecords, and to distribute copies or phonorecords of the Copyrighted Recordings to the public.

**C.    VP Music's Common Law and Registered Trademark and Service Mark**

29.    VP Music is the owner of the common law mark "VP Records" for use in connection with its musical sound recordings and phonorecords and in connection its services for production of musical recordings.

30.    VP Music is also the owner of the federally-registered trademark and service mark "VP Records" for "musical sound recordings" and "production of musical recordings," *inter alia*, for which the United States Patent and Trademark Office ("PTO") issued Registration No. 2409885 on December 5, 2000 (collectively "VP Music's Marks").

31.    The above-referenced trademark registration is valid, incontestable, unrevoked and subsisting, and constitutes *prima facie* evidence of VP Music's exclusive ownership of the above-referenced trademark.

32.    VP Music has used the "VP Records" mark in connection with its production, manufacture, distribution, and sale of VP Music's Sound Recordings.

33.    VP Music has devoted, and continues to devote, significant resources toward ensuring the high quality of VP Music's Sound Recordings displaying the "VP Records" mark.

34.    VP Music has used the "VP Records" mark in connection with VP Music's Sound Recordings in extensive advertising and marketing throughout the world. This includes print publications, trade shows, websites, flyers, and posters, in addition to placing the mark on or in close proximity to VP Music's Sound Recordings.

35.    Through its advertising and marketing efforts, VP Music has established considerable goodwill in the "VP Records" mark, which is widely known and recognized throughout the world as a symbol of high quality and cutting-edge independent Jamaican music.

36.     In order to establish, preserve and maintain its goodwill in the "VP Records" mark, VP Music assures that the digital and physical copies of the music it sells are accompanied by high-quality, attractive artwork and other packaging.

37.     Thanks to the efforts set forth above, the "VP Records" mark has become famous around the world, including the United States, the United Kingdom, Japan, and Caribbean nations, and the public has come to know the VP Music brand and "VP Records" mark as a leading source of Jamaican music production and sound recordings.

**D.      Business and History of Greensleeves**

38.     Greensleeves is a well-known independent record company, record label, and music publisher based in the United Kingdom which has been in operation for more than 30 years and also specializes in the Jamaican reggae and dancehall music market.

39.     Much like VP Music, Greensleeves began as record store which eventually developed into a record label.

40.     Greensleeves is engaged in the business of producing sound recordings, acquiring rights to sound recordings from recording artists and record producers and others, and manufacturing, distributing, and selling phonorecords, as defined in the Copyright Act, 17 U.S.C. § 101, including, without limitation, compact discs, DVDs, vinyl records, and other formats, and/or licensing other entities to do so on its behalf.

**E.      Greensleeves' Exclusive License Agreements**

41.     Greensleeves entered into written license agreements dated November 27, 1998, October 19, 1999, and May 29, 2001 with Philip Burrell, a record producer in Kingston, Jamaica, West Indies (the "Greensleeves License Agreements"), who owns the copyrights in certain master recordings of songs performed by the Jamaican recording artist professional known as "Sizzla" (Miguel Collins).  A list of the albums and master recordings included in the

Greensleeves License Agreements are set forth in the table below (the "Greensleeves Licensed Works").

| Album Title & No. | Artist | Release Date | Berne Work-Released In | GRL Rights Agreement |
|---|---|---|---|---|
| Bobo Ashanti GRL 259 | Sizzla (Miguel Collins) | Sept. 4, 2000 | United Kingdom | Producer License Agr., Oct. 19, 1999 |
| Rastafari Teach I Everything GRL 264 | Sizzla | June 4, 2001 | United Kingdom | Producer License Agr., May 29, 2001 |
| Royal Son of Ethiopia GRL 255 | Sizzla | May 14, 1999 | United Kingdom | Producer License Agr., Nov. 27, 1998 |

42.   The title of each individual sound recordings on each album listed in the table above is set forth in Exhibit B hereto.

43.   Under the Greensleeves License Agreements, Burrell granted Greensleeves the exclusive right to exploit the copyrights in the Sizzla sound recordings throughout the world (except for vinyl recordings in the Caribbean after release by Greensleeves) for the duration of copyright, including the exclusive right to manufacture, distribute, and sell such recordings in various media and formats, including as CD-Roms, DVDs, through retail stores and its own website, and through digital download of musical files from Greensleeves' own website, through Apple Inc.'s iTunes system for download of musical albums and individual recordings, and through third party internet websites.

44.   As exclusive licensee in perpetuity, Greensleeves is the exclusive owner of the copyright in the sound recordings listed in Exhibit B to this complaint ("Greensleeves' Works").

45.   As the owner of the copyrights in the sound records set forth on Exhibit B, Greensleeves possesses the exclusive right, among other things, to reproduce those recording in

copies or phonorecords, and to distribute copies or phonorecords of the Copyrighted Recordings
to the public.

46.     Greensleeves' Works were first released in the United Kingdom and are Berne
Convention works which are entitled to protection accorded to works registered with the Register
of Copyright under the Copyright Act, 17 U.S.C. § 411, without the need for registration with the
Register of Copyright.

## F.     Defendants' Infringement of Plaintiffs' Works

47.     Defendants do not have, and have never had, any license, authorization,
permission or consent to copy or distribute Plaintiffs' Works.  Nor have Defendants ever had any
license, authorization, permission or consent to authorize other parties to copy or distribute
Plaintiffs' Works.

48.     Starting in or about August 2008, Defendants have unlawfully copied and
distributed VP Music's Works and Greensleeves' Works (together, "Plaintiffs' Works"), in
violation of Plaintiffs' copyrights.  Defendants have wrongfully profited from these unlawful
acts of distribution and copying.

49.     In further violation of Plaintiffs' excusive rights under the Copyright Act, starting
in or about August 2008, Defendants have purported to authorize numerous third-party operators
of online music stores to copy Plaintiffs' Works and distribute those copies to their customers.
These online music stores include, but are not limited to, Apple Inc.'s iTunes Store and
www.emusic.com.

50.     The copies of the Plaintiffs' Works that Defendants have unlawfully purported to
authorize for sale by online music stores contain low-quality, substandard artwork that is
markedly inferior to the artwork which accompanies legitimate digital and physical copies of
these Works that are properly licensed and/or directly sold by Plaintiffs.

- 10 -

51.     Upon Defendants' authorization and urging, these same online stores have made unlawful copies of Plaintiffs' Works and have effected unlawful distributions of Plaintiffs' Works to their customers.  Defendants have wrongfully profited from these unlawful acts of distribution and copying.  The unlawful copying and distribution of Plaintiffs' Works by third-party websites at Defendants' authorization and urging continues unabated to this day.

### G.     Defendants Have Entered into Sham "License" Agreements in a Fruitless Attempt to Justify their Piracy

52.     In a fruitless attempt to justify their wrongful piracy of Plaintiffs' copyrighted recordings, Defendants purport to have "licensed" each of Plaintiffs' Works, as well as other copyrighted works, from individuals who claim to control those Works.

53.     The "licenses" which Defendants purport to have obtained are ineffective and a complete nullity, given that each of the copyrighted recordings referenced in the prior paragraph was exclusively recorded for, and/or previously licensed exclusively to, the Plaintiffs. Accordingly, none of these so-called "licenses" provides the Defendants with any authorization to copy or distribute Plaintiffs' Works.  Nor do they provide any authorization for Defendants to allow third-party operators of online music stores to copy Plaintiffs' Works and distribute those copies to their customers.

54.     By entering into the aforementioned sham "license" agreements, the Defendants have interfered with, and injured, the present and prospective contractual relations between Plaintiffs and their existing and potential exclusive recording artists and record producers.

### H.     Defendants' Unauthorized Use of VP Music's Trademark and Service Mark

55.     Commencing in or about August 2008, Defendants infringed VP Music's Marks and engaged in unfair competition and dilution by using and displaying VP Music's Marks on third-party websites and music stores in conjunction with their unauthorized copying and distribution of VP Music's Works.

- 11 -

56.     Defendants' acts of trademark and service mark infringement and unfair competition were knowing and willful.

57.     Defendants may at any time resume their acts of trademark and service mark infringement, unfair competition, and dilution with respect to VP Music's Marks.

## CLAIM I (by all Plaintiffs)

## COPYRIGHT INFRINGEMENT

58.     Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 57 above.

59.     Defendants have engaged in unauthorized copying, distribution, sale, and/or licensing of copies of VP Music's Works and Greensleeves' Licensed Works (collectively "Plaintiffs' Works") and/or unlawfully authorized third parties to do so.

60.     Defendants' acts constitute infringement of Plaintiffs' copyrights in violation of 17 U.S.C. §§ 106 and 501.

61.     The infringement of each of Plaintiffs' rights in and to their copyrighted works constitutes a separate and distinct act of infringement.

62.     Defendants' acts of infringement have been and are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

63.     Plaintiffs are entitled to recover their actual damages, Defendants' profits attributable to the infringements, and may elect to recover statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504.

64.     Plaintiffs are entitled to recover reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505, upon proper application.

- 12 -

65.     Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause irreparable injury to Plaintiffs that cannot be fully compensated by, or measured in, money damages.

66.     Plaintiffs have no adequate remedy at law.

67.     Plaintiffs are entitled to a temporary restraining order, and preliminary and permanent injunctive relief prohibiting further infringement of Plaintiffs' copyrights and exclusive rights under copyright and requiring seizure, forfeiture, and destruction of all infringing materials under 17 U.S.C. §§ 502 and 509.

## CLAIM II (by All Plaintiffs)

## VICARIOUS COPYRIGHT INFRINGEMENT

68.     Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 67 above.

69.     Defendants had and have the right and the ability to supervise or control the infringing activities of third parties to whom Defendants have unlawfully distributed or made available unauthorized copies of Plaintiffs' Works.  Defendants have refused to exercise such supervision and control to the extent required by law.  As a direct and proximate result of such refusal, the aforementioned third parties have infringed the Plaintiffs' copyrights in Plaintiffs' Works, including by reproducing and distributing Plaintiffs' Works.

70.     Defendants derive a direct financial benefit from these infringing activities.

71.     Defendants' acts constitute infringement of Plaintiffs' copyrights in violation of 17 U.S.C. §§ 106 and 501.

72.     The infringement of each of Plaintiffs' Works constitutes a separate and distinct act of infringement.

73.    Defendants' acts of infringement have been and are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

74.    Plaintiffs are entitled to recover their actual damages, Defendants' profits attributable to the infringements, and may elect to recover statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504.

75.    Plaintiffs are entitled to recover reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505, upon proper application.

76.    Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiffs that cannot be fully compensated by, or measured in, money damages.

77.    Plaintiffs have no adequate remedy at law.

78.    Plaintiffs are entitled to a temporary restraining order, and preliminary and permanent injunctive relief prohibiting further infringement of Plaintiffs' copyrights and exclusive rights under copyright and requiring seizure, forfeiture, and destruction of all infringing materials under 17 U.S.C. §§ 502 and 509.

## CLAIM III (by all Plaintiffs)

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

79.    Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 78 above.

80.    Defendants have unlawfully distributed or made available unauthorized copies of Plaintiffs' Works to third parties.  As a direct and proximate result of such refusal, the aforementioned third parties have infringed the Plaintiffs' copyrights in Plaintiffs' Works, including by reproducing and distributing Plaintiffs' Works.

- 14 -

81.     Defendants have, with knowledge, materially contributed to and/or induced or caused unauthorized reproductions and/or distributions of the Plaintiffs' Works by third parties, and thus Defendants have contributed to and/or induced or caused the infringement of the Plaintiffs' copyrights.

82.     Defendants' acts constitute infringement of Plaintiffs' copyrights in violation of 17 U.S.C. §§ 106 and 501.

83.     The infringement of each of Plaintiffs' Works constitutes a separate and distinct act of infringement.

84.     Defendants' acts of infringement have been and are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

85.     Plaintiffs are entitled to recover their actual damages, Defendants' profits attributable to the infringements, and may elect to recover statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504.

86.     Plaintiffs are entitled to recover reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505, upon proper application.

87.     Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiffs that cannot be fully compensated by, or measured in, money damages.

88.     Plaintiffs have no adequate remedy at law.

89.     Plaintiffs are entitled to a temporary restraining order, and preliminary and permanent injunctive relief prohibiting further infringement of Plaintiffs' copyrights and exclusive rights under copyright and requiring seizure, forfeiture, and destruction of all infringing materials under 17 U.S.C. §§ 502 and 509.

- 15 -

## CLAIM IV (by all Plaintiffs)

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

90.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 89 above.

91.     Defendants, at all relevant times, knew that they were not authorized to manufacture, distribute, sell, or license phonorecords of performances of recording artists under exclusive recording agreements with Plaintiffs.

92.     Defendants, at all relevant times, knew that they were not authorized to manufacture, distribute, sell, or license phonorecords of sound recordings that were delivered to Plaintiffs pursuant to exclusive license agreements.

93.     Notwithstanding Defendants' foregoing knowledge, Defendants tortiously interfered with the present and prospective contractual relations between Plaintiffs and their existing and potential exclusive recording artists and record producers.

94.     Defendants' foregoing tortious acts were knowing and willful.

95.     Plaintiffs have been injured by Defendants' foregoing tortious acts.

96.     Unless enjoined by the Court, Defendants may continue to engage in such tortious acts, thereby causing immediate and irreparable injury to Plaintiffs.

97.     Plaintiffs have no adequate remedy at law.

98.     Plaintiffs are entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing tortious acts.

99.     Plaintiffs have suffered damages as a proximate result of Defendants' tortious acts and are entitled to recover actual and punitive damages in an amount to be determined at trial.

## CLAIM V (by VP Music)

## INFRINGEMENT OF REGISTERED TRADEMARKS UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

100.    VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 99 above.

101.    VP Music has never authorized Defendants to manufacture, distribute, or sell phonorecords bearing VP Music's Marks.

102.    VP Music has never authorized Defendants to use VP Music's marks in connection with the advertising, offering for sale, or sale of phonorecords.

103.    Defendants have used VP Music's Marks on or in connection with the offering for sale and/or sale and on labels, signs, and/or advertisements in commerce upon or in connection with VP Music's phonorecords without authorization and in manners which are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of VP Music's phonorecords or other products.

104.    Defendants' conduct has been and is continuously infringing or threatening to infringe VP Music's Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b).

105.    Defendants have received proper notice of their infringing activity and of VP Music's demand that such infringing activity cease, but they have refused to cease their infringing activity.

106.    Defendants' infringement of VP Music's Marks to cause confusion, mistake and deception has been knowing, willful, intentional, and deliberate.

107.    Unless enjoined by the Court, Defendants will continue to infringe VP Music's Marks and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to VP Music.

- 17 -

108.   VP Music has no adequate remedy at law.

109.   VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of VP Music's Marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

110.   VP Music is entitled to elect to recover statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), based upon Defendants' use of counterfeits of VP Music's Marks.

111.   VP Music has suffered damages as a proximate result of Defendants' infringing acts and is entitled to recover damages in an amount to be determined at trial, and is further entitled to recover Defendants' profits attributable to their acts of infringement, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

112.   VP Music is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, masters, or other materials that violate VP Music's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114, pursuant to 15 U.S.C. § 1118.

## CLAIM VI (by VP Music)

## FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND DILUTION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

113.   VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 112 above.

114.   Defendants have used VP Music's Marks without authorization in connection with their unauthorized manufacture, distribution, licensing, and/or sale of VP Music's Works

and sound recordings, and advertising in connection with such activities, in ways which are likely to cause confusion, mistake, or deception among purchasers as to the source of VP Music's Works and sound recordings.

115.    Defendants' actions constitute false designations of the origin which are likely to cause confusion, mistake, or deception among consumers of VP Music's phonorecords as to Defendants' supposed affiliation, connection, or association with VP Music and/or their exclusive recording artists, and to give the false or misleading impression as to the origin, sponsorship, or approval of Defendants' unauthorized sale, offering for sale, advertising or promotion of VP Music's phonorecords sold by Defendants and their third parties without authorization, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

116.    VP Music's Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

117.    Defendants' unauthorized uses of VP Music's Marks have or threaten to dilute or tarnish VP Music's famous Marks.

118.    Defendants received notice of and demand that their unlawful activity cease, but they have failed to cease their unlawful activity.

119.    Defendants' violations of Section 43(a) and (c) of the Lanham Act have been and are knowing, willful, intentional, and deliberate.

120.    Unless enjoined by the Court, Defendants will continue to violate VP Music's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to VP Music.

121.    VP Music has no adequate remedy at law.

122.    VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any

of the foregoing acts or any further or different acts in violation of VP Music's rights under Section 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

123.    VP Music has suffered damages as a proximate result of the infringing acts of Defendants and is entitled to recover damages in an amount to be determined at trial, and Defendants' profits attributable to their unlawful acts, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

124.    VP Music is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, masters, or other materials that violate VP Music's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1118.

## CLAIM VII (by VP Music)

## COMMON LAW TRADEMARK INFRINGEMENT

125.    VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 124 above.

126.    Defendants' conduct has and threatens to continue to cause confusion, mistake, and/or deception in the minds of the members of the trade and the public, including distributors, retailers, and consumers of VP Music's phonorecords and those bearing VP Music's trade names and marks.

127.    Defendants' conduct, through their unauthorized use of VP Music's trade names and marks is an infringement of and trades upon the favorable reputation and proprietary rights of VP Music under the common law of New York.

128.    Defendants' acts have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

129.    Unless enjoined by the Court, Defendants will continue to violate VP Music's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to VP Music.

130.    VP Music has no adequate remedy at law.

131.    VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of VP Music's rights.

132.    VP Music is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, masters, or other materials that violate VP Music's rights.

133.    VP Music has suffered damages as a proximate result of the unlawful acts of Defendants and is entitled to recover compensatory damages in an amount to be determined at trial.

134.    VP Music is entitled to recover punitive damages in an amount to be determined at trial.

## CLAIM VIII (by VP Music)

## COMMON LAW UNFAIR COMPETITION

135.    VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 134 above.

136.    Defendants' conduct constitutes misappropriation of the goodwill created and developed by VP Music in its business and its status as the sole source of authorized phonorecords of recording artists made under VP Music's exclusive agreements with such artists or record producers.

137.   Defendants' acts of unfair competition have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

138.   Unless enjoined by the Court, Defendants may continue to engage in unfair competition in violation of VP Music's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to VP Music.

139.   VP Music has no adequate remedy at law.

140.   VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of VP Music's rights.

141.   VP Music is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, masters, or other materials that violate VP Music's rights.

142.   VP Music has suffered damages as a proximate result of Defendants' unlawful acts and is entitled to recover compensatory damages in an amount to be determined at trial.

143.   VP Music is entitled to recover punitive damages in an amount to be determined at trial.

## CLAIM IX (by VP Music)

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

144.   VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 143 above.

145.   Defendants' foregoing acts constitute deceptive acts and practices in the conduct of their business, trade or commerce or in the furnishing of their services in New York, are directed at consumers, and are materially misleading, which acts are declared unlawful under New York General Business Law § 349.

146.   Defendants' foregoing acts were in knowing and willful violation of New York General Business Law § 349.

147.   VP Music has been injured by Defendants' violations of New York General Business Law § 349.

148.   Unless enjoined by the Court, Defendants may continue to violate New York General Business Law § 349, thereby causing immediate and irreparable injury to VP Music.

149.   VP Music has no adequate remedy at law.

150.   VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of New York General Business Law § 349.

151.   VP Music has suffered damages as a proximate result of Defendants' acts in violation of New York General Business Law § 349 and is entitled to recover damages in an amount to be determined at trial, including treble actual damages, up to $1,000, and reasonable attorney's fees under New York General Business Law § 349(h).

### CLAIM X (by VP Music)

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350

152.   VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 151 above.

153.   Defendants' forgoing acts constitute false advertising in the conduct of their business, trade or commerce or in the furnishing of their services in New York, are directed at consumers, and are materially misleading, which acts are declared unlawful under New York General Business Law § 350.

154.    Defendants' foregoing acts were in knowing and willful violation of New York General Business Law § 350.

155.    VP Music has been injured by Defendants' violations of New York General Business Law § 350.

156.    Unless enjoined by the Court, Defendants may continue to violate New York General Business Law § 350, thereby causing immediate and irreparable injury to VP Music.

157.    VP Music has no adequate remedy at law.

158.    VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of New York General Business Law §§ 350 and 350-e(3).

159.    VP Music has suffered damages as a proximate result of Defendants' acts in violation of New York General Business Law § 350 and is entitled to recover actual damages in an amount to be determined at trial, including treble actual damages, up to $1,000, and reasonable attorney's fees under New York General Business Law § 350-e(3).

## CLAIM XI (by VP Music)

## VIOLATION OF GENERAL BUSINESS LAW § 360-*l*

160.    VP Music realleges and incorporates by reference the allegations of paragraphs 1 through 159 above.

161.    Defendants' forgoing acts create a likelihood of injury to VP Music's business reputations and dilution of the distinctive quality of VP Music's trade names and service marks or unfair competition in violation of New York General Business Law § 360-*l*.

162.    Defendants' foregoing acts were in knowing and willful violation of New York General Business Law § 360-*l*.

163. VP Music has been injured by Defendants' violations of New York General Business Law § 360-*l*.

164. Unless enjoined by the Court, Defendants may continue to violate New York General Business Law § 360-*l*, thereby causing immediate and irreparable injury to VP Music.

165. VP Music has no adequate remedy at law.

166. VP Music is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of New York General Business Law §§ 360-*l*.

**WHEREFORE**, Plaintiffs pray that the Court grant them relief as follows:

1. Preliminary and permanent injunctive relief enjoining Defendants, their agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, from engaging in any of the acts complained of herein, including, but not limited to any unauthorized manufacture, distribution, sale, licensing, or exploitation by any means of Plaintiffs' copyrighted works and from any unauthorized use of VP Music's trade names, trademarks, and service marks;

2. Requiring Defendants to sequester, forfeit and deliver up for destruction all unauthorized copies of Plaintiffs' copyrighted works and any other items or things bearing VP Music's trade names, trademarks, and service marks and things which are used for the creation and/or distribution of such works or marks, which are in Defendants' possession, custody, or control, or in the possession, custody or control of any of their agents or representatives;

3. Judgment awarding Plaintiffs compensatory and punitive damages, treble damages as allowed by law, and Defendants' profits attributable to their unlawful activities, as allowed by law;

- 25 -

4.      Pre-judgment and post-judgment interest, costs, and reasonable attorney's fees as allowed by law; and

5.      Such other, further, or different relief as the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all claims so triable.

DATED: New York, New York        MITCHELL SILBERBERG & KNUPP LLP
    April 6, 2009

By: _____

Paul V. LiCalsi (PL 6622)
Jeffrey M. Movit (JM 6725)
12 East 49th Street, 30th Floor
New York, NY 10017
(212) 509-3900 (P)
(212) 509-7239 (F)

Attorneys for Plaintiffs

- 26 -

## EXHIBIT A

## VP Music Albums & Master Recordings

1- <u>A New Day - VP 1617 -Luciano</u>

No Night in Zion
Oh Father I love Thee
Is There a Place
Happy People
Road of Life
Nah Give Up
God is my friend
Only a Fool
Traveler

African Skies
A New Day
Hardcore
Spring Summer
God & King
Tell Me Why ?
Save the World
Journey

2- <u>Be I Strong - VP 1563- Sizzla</u>

Men & People
Love is All
Diamond & Pearl
Bless Bless
Stop the Youth
Live & Learn
Mi King
Be I Strong
The Vibes Feat. Capleton

Get Lively
No Chance
Live Longer
Powerful
Nah Suffer
Stop Violate
Keep Out a Bad Company

3- <u>Black Woman & Child - VP 1637 -Sizzla</u>

Give Them The Ride
Love is Divine
Make it Secure
Black Woman & Child
Guide Over Us
Hard Ground
One Away
Oh What A Joy
Babylon a Use Dem Brain

Princess Black
No Time to Gaze
More Guidance
Mi Lord
Give Them the Ride – remix
Too Much To Bare
Do Good Everytime
Nice Day

4-  <u>Serious Times  -VP 1688- Luciano</u>

| | |
|---|---|
| Give Praise | Free Up The Weed |
| Come Down Father | Alpha & Omega |
| The World is Troubled | Serious Times, Serious Measures |
| Stay away | No Where To Go To |
| Just Talk to God | We Need A Miracle |
| Satisfy Your Self | This Feeling |
| Love Will Make It – feat. Morgan | Jah is My Keeper |
| Heritage | The Ras She Want |
| Echoes Of My Mind | Only Love |

5-  <u>Serve Jah- VP 1657 – Luciano</u>

| | |
|---|---|
| I Will Survive | Born Free |
| Serve Jah | Long Story |
| Win or Lose | Gideon Bus |
| Injustice | House of the Lord |
| True Love | I Am Not  Sorry |
| Hail King Selassie Feat. Capleton | Mankind |
| No Where to Hide | |

2

## **EXHIBIT B**

## **Greensleeves – Albums & Master Recordings**

1- <u>Bobo Ashanti – GRL 259- Sizzla</u>

The World

Courage

Whether or Not

Grow U Locks

This Day

Attack

Glorify

Wicked Naw Go Prosper

Good Looking

Do Good

Strength & Hope

Children Beware

Must Rise

2- <u>Rastafari Teach I Everything – GRL 264- Sizzla</u>

Rastafari Teach I Everything

Beautiful

Yes I Get High

Better Make Sure

Revenge

Planet Earth

Escape From Prison

Give Her The Loving

It This

No Problem

Stay Clean

Energy

Make Love

3- <u>Royal Son of Ethiopia – GRL 255- Sizzla</u>

As In The Beginning

Eastern Mountain

In This Time

Ripe Leaf

Burn Dem Turf

What Does It Worth ?

A Wah Dat ?

Babylon Homework

Oh Children

Break Free

Mental Chains

True Hearts

A Wah Dat ? (Remix)